983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
OTIS ELEVATOR COMPANY, Appellant,
v.
Lydia BANKS, et vir., Appellee.
 No. 91-7151.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 23, 1992.
 
 Before BUCKLEY, D.H. GINSBURG and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Defendant Otis Elevator Company appeals the denial by the United States District Court for the District of Columbia, George Revercomb, Judge, of defendant's motions for directed verdict, judgment N.O.V., and a new trial, and Judge Revercomb's remittitur of the original verdict to an excessive amount not substantiated by the weight of the evidence.
 
 
 2
 The jury's verdict must stand unless "the evidence, together with all inferences that can be reasonably drawn therefrom is so one-sided that reasonable men could not disagree on the verdict." Coburn v. Pan American World Airways, Inc., 711 F.2d 339, 342 (D.C.Cir.1983) (quoting Murphy v. United States, 653 F.2d 637, 640 (D.C.Cir.1981)). Viewing the evidence in the light most favorable to the plaintiffs, we find that fair-minded people may differ as to the conclusion, and therefore the jury verdict may not be disturbed. See Carter v. Duncan-Huggins, Ltd., 727 F.2d 1225, 1227 (1984). The district court also has broad discretion to order a remittitur in lieu of a new trial, and we find no abuse of discretion here. See Hooks v. Washington Sheraton Corp., 578 F.2d 313, 316 (D.C.Cir.1977).
 
 
 3
 ORDERED and ADJUDGED that the district court order be affirmed.