**Monica NEWTON, Plaintiff,**

v.

**CBS, INC., Defendant.**

**Civ. No. 93–0785 (CRR).**

United States District Court, District of Columbia.

Jan. 4, 1994.

---

David M. Melnick, Rockville, MD, for plaintiff.

Stuart Fries Pierson, Caryn L. Zimmerman, of Davis Wright Tremaine, of Washington, DC, Michael Reiss, of Davis Wright Tremaine, of Seattle, WA, Douglas P. Jacobs, Anthony M. Bongiorno, Madeleine Schachter, of CBS, Inc., New York City, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned Age Discrimination in Employment Act

(ADEA) case is the Motion of Defendant CBS Inc. for Summary Judgment ("Defendant's Motion"), the Plaintiff's Opposition to Motion for Summary Judgment ("Plaintiff's Opposition"), and Defendant CBS's Reply on its Motion for Summary Judgment ("Defendant's Reply"). On November 22, 1993, the Court held a hearing on this matter, and, upon careful review of the arguments of counsel, the above-referenced submissions, the applicable law, and the record herein, the Court has determined that the Defendant's Motion for Summary Judgment must be denied.

## I. BACKGROUND

Plaintiff Monica Newton worked as an employee of the Washington Bureau of CBS news, the CBS news Division ("CND"), from 1967 through 1991. *See* Defendant's Statement of Material Facts as to Which There is No Genuine Issue ("SMF") at ¶¶ 2–3.[1] Ms. Newton began her tenure with CBS as a switchboard operator but by the time of her discharge she was functioning as a Production Manager with responsibilities that had at one time included handling the logistics of "pool coordination",[2] free-lance hiring, and a variety of miscellaneous tasks such as providing assistance with crew payroll. At the age of 47, Ms. Newton was discharged from her position with CBS. She subsequently filed a claim of discrimination with the EEOC in 1991, alleging that her termination constituted unlawful discrimination on the basis of age. The Plaintiff then initiated this lawsuit seeking reinstatement and full compensation.

The circumstances surrounding Ms. Newton's termination and the motivation for CBS' decision are strongly contested by the parties. CBS alleges that the Plaintiff's discharge was part of a financially induced reduction-in-force that necessitated the elimination of her position. The Defendant thus argues that Plaintiff was not "replaced"; rather her tasks were merely reassigned to

1. The Plaintiff's Statement of Genuine Issues ("SGI") indicates that prior to 1967, Ms. Newton was employed by the CND as a switchboard operator for the period from May 18, 1964 through May 29, 1965. *See* SGI at ¶ 1. The Court takes note of this discrepancy but finds that it is not material to the issues raised by the Plaintiff in this case.

2. "Pool Coordination" is the process by which major networks share news and other information.

other more versatile employees, whose greater skill levels enable them to perform a variety of other tasks as well.

The Plaintiff, however, claims that CBS' asserted justifications are really just pretexts and that her dismissal was motivated by unlawful discrimination on the basis of age. To support her position, the Plaintiff cites various inconsistencies in CBS' rationale and argues that her experience on the job renders her as qualified as younger employees with recent college degrees. At a minimum, Plaintiff urges the Court to recognize that there are at least genuine issues of material fact still in dispute and that the existence of these contested issues is sufficient to defeat the Defendant's Motion for Summary Judgment. After reviewing the evidence presented thus far, the Court is inclined to agree.

## II. DISCUSSION

### A. Standards for Granting Summary Judgment.

The standards for ruling on a motion for summary judgment are well-settled and not in dispute by the parties. Summary judgment is appropriate in situations where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587, 106 S.Ct. 1348, 1355–1356, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029 (D.C.Cir.1988).

In responding to the Defendant's Motion for Summary Judgment, then, the Plaintiff recognizes that she must "set forth specific facts showing that there is a genuine issue for trial." *See* Plaintiff's Opposition at 4; Defendant's Motion at 6. As the Defendant emphasizes, "[t]he mere existence of a scintilla of evidence in support of the [non-mov-

ant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).[3]

Essentially, "[t]he inquiry performed is a threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson* at 250, 106 S.Ct. at 2511.

### B. The Court finds that there are genuine issues of material fact still in dispute and that the Defendant is therefore not entitled to judgment as a matter of law under the governing legal standards set forth in the McDonnell Douglas–Burdine framework.

There is also very little disagreement between the parties as to the relevant legal standard governing the resolution of an age discrimination claim. Indeed, "[i]t is well established in this circuit that we will apply to ADEA cases the scheme for allocating evidentiary burdens that has evolved in the context of Title VII discrimination cases." *Cuddy v. Carmen*, 762 F.2d 119, 122 (D.C.Cir.1985).

Under this framework, the burden of presenting relevant evidence is allocated between the Plaintiff and the Defendant in the following manner: The Plaintiff must first establish a prima facie case of discrimination after which the burden of production falls upon the Defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.,* citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).[4] If the Defendant meets this burden of production, the plaintiff must then carry her overall burden of persuasion by showing that the

---

**3.** In addressing this motion, however, the Court is also mindful of the fact that summary judgment is generally not appropriate in cases alleging employment discrimination as the resolution of such disputes usually turns on questions of motive or intent—issues that are properly determined by the ultimate trier of fact.

**4.** "Although this evidence must be 'legally sufficient to justify a judgment for the defendant,' it is merely one of production not one of persuasion." *Cuddy* at 122–123 (citations omitted).

proffered and allegedly nondiscriminatory reasons are really pretextual in order to prevail. "The plaintiff may carry this burden either indirectly by showing that the reason proffered by the defendant was in fact a pretext or directly by showing that it was more likely than not that the defendant was actually motivated by discrimination." *Cuddy* at 124. Ideally, this evidentiary scheme is designed "to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 255–256, 101 S.Ct. 1089, 1094–1095, 67 L.Ed.2d 207 (1981).

In the instant case, the Court is satisfied that the Plaintiff has raised genuine issues of material fact with respect to her ultimate burden of proving that age was a "determining factor" in CBS' decision to terminate her employment. *See Krodel v. Young,* 748 F.2d 701, 706 (D.C.Cir.1984). The following discussion thus addresses in greater detail the various issues Plaintiff has raised in the context of this overall legal framework.

### C. *The Defendant has failed to demonstrate as a matter of law that the Plaintiff cannot sustain her burden in establishing a prima facie case of age discrimination.*

In order to establish a prima facie case of age discrimination, a Plaintiff must show that he or she (1) belongs to the statutorily protected age group; (2) was qualified for the position; (3) was terminated; and (4) was "disadvantaged" in favor of a younger person. *See Coburn v. Pan Am. World Airways, Inc.,* 711 F.2d 339 (D.C.Cir.1983), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983). In the instant case, there is no dispute as to the first factor: the Plaintiff was clearly over 40 at the time of her discharge. The parties do disagree, however, as to whether the Plaintiff has sustained her burden with respect to the other three elements required to establish a prima facie case.

CBS maintains that Newton cannot sustain her burden because her position was elimi-nated and the tasks that remained were reassigned to individuals the Defendant describes as having "indisputably higher skill levels for them than Newton." Defendant's Motion at 14. The Plaintiff challenges this contention, and the Court finds, on the basis of the record currently before it, that a trier of fact could reasonably reach different conclusions with respect to this issue.

As the Plaintiff points out, there are genuine questions of material fact as to Ms. Newton's qualifications for the position and as to what skills and tasks the position entailed. In particular, CBS has alleged that the nature of the pool coordination function was changing in light of technological advances and increases in volume. *See* Defendant's Motion at 16–17. Although the Plaintiff does not dispute this per se, Ms. Newton argues that she was capable of keeping up with these changing job requirements and was therefore qualified to continue in her job. In support of this claim, the Plaintiff offers evidence that she had been satisfactorily performing her job prior to her termination and further argues that her years of experience on the job rendered her capable of adapting to new challenges. Ms. Newton has thus raised triable issues of fact with regard to Defendant's claim that she was not qualified for any remaining position and thus cannot sustain a claim under the ADEA.

The Court similarly notes that these circumstances raise disputed questions of fact as to the relative qualifications of the Plaintiff versus those of the individuals who were subsequently assigned her various tasks. CBS contends that the individuals in question had editorial and technical skills which the Plaintiff admittedly did not possess. In response, however, the Plaintiff argues that the qualifications she did possess were sufficient to offset these factors. She thus urges the Court to find that the case at least presents genuine questions of material fact as to her capabilities and versatility, especially in light of her practical experience and her past performance on the job. *See* SGI at 4–5. Although the Court recognizes that the Defendant may be correct in its assessment of the relative qualifications of each of its employees, the Court feels that this determi-

nation is one properly left to the trier of fact. As such, the Defendant has failed to convince the Court that the Plaintiff cannot sustain her burden of establishing the elements of a prima facie case required to justify an inference of age discrimination.

### D. In responding to the Plaintiff's demonstration of a prima facie case, the Defendant has met its burden of production in articulating a legitimate, non-discriminatory reason for Ms. Newton's dismissal.

As indicated above, once the Plaintiff has met her initial burden, the Defendant is then required to articulate a legitimate, non-discriminatory reason for its decision. On the facts presented to the Court, there is no question that CBS has sustained its burden of production, which, as the Defendant asserts, is "to introduce evidence, which, *taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Center v. Hicks*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In the instant case, CBS alleges that the company was "forced financially to eliminate unjustifiable positions; [and that] Newton's position was unjustifiable because of its tasks and her lack of versatility to do higher skilled tasks." *See* Defendant's Motion at 19. There is no dispute as to the fact that CBS was forced to undertake a reduction-in-force and the Court finds that this showing is sufficient at this stage of the case to sustain the Defendant's burden of production in establishing a legitimate, non-discriminatory reason for its employment-related decision.[5]

### E. The Plaintiff has also raised genuine questions of material fact with respect to the issue of pretext, so the Defendant's Motion for Summary Judgment must therefore be denied.

As detailed above, the applicable legal standard requires that once the Plaintiff has established a prima facie case and the Defendant has articulated a legitimate, non-discriminatory reason for its decision in rebuttal, the burden of proof again falls upon the Plaintiff to establish that the Defendant's stated reason for its action was actually a pretext for age discrimination. In this case, the Defendant has argued that the Plaintiff has no basis upon which to make such a claim, but the Court finds that there are genuine issues of material fact still in dispute with regard to this question and CBS's Motion for Summary Judgment must, therefore, be denied.

As the Plaintiff suggests, if the trier of fact could reasonably conclude from the evidence that CBS' decision to terminate Ms. Newton was tainted by discriminatory animus or motive, pretext can be established.[6] As already noted, in the context of a Motion for Summary Judgment this showing entails an obligation to raise material factual issues. As indicated above, the Plaintiff in the instant case has done so by challenging the Defendant's assessment of her own qualifications as compared to those of other employees.[7] Similar questions are also presented with respect to the suitability of these various employees for the different jobs in question.[8]

Most importantly, the Court finds that there is a genuine issue of material fact still

---

5. The Court further notes that the Defendant has also presented sufficient evidence from which a rational trier of fact could reasonably conclude that Ms. Newton's tasks were reassigned to others who possessed certain editorial and technical skills which she may not have possessed and which enabled them to perform a wider variety of tasks than the Plaintiff, thus rendering them more valuable to the CND. The Court feels that a determination as to the validity of this claim, however, is a judgment best left to the trier of fact.

6. As the Plaintiff points out, she need not prove that CBS was not under financial pressure or that the RIF was unnecessary.

7. CBS seeks to persuade the Court that Plaintiff's own admissions as to her lack of editorial and technical skills are dispositive. The Court, however, noting Plaintiff's other skills and work experience, does not agree that this issue is so simply decided and feels that the Plaintiff deserves a full opportunity to have these questions heard and determined by a jury.

8. There also appear to be differences as to whether the Plaintiff was adequately performing her job or whether there were complaints about her performance. The resolution of these disputes is also properly reserved for a determination by the ultimate trier of fact.

**24**

in dispute between the parties as to the meaning of a comment made to Ms. Newton by her supervisor upon her termination. In seeking summary judgment, CBS has relied heavily upon the fact that "[t]here was no mention of her age when Newton was terminated." *See* Motion for Summary Judgment at 10. However, the Court agrees with the Plaintiff's contention that there is a genuine dispute as to whether any such reference was in fact made. Although both sides agree that Newton's age was never mentioned per se in regard to her termination, a material question remains as to the meaning of this alleged statement by her supervisor: "I am really doing you a favor, I am going to let you go while you still have the time to get a job elsewhere." CBS urges the Court to find that "such a statement refers merely to the job opportunities in the marketplace; it says nothing about the person's age ..." *See* Reply at 6. The Court, however, cannot simply accept this interpretation as this conclusion is clearly one as to which reasonable minds could differ.

### CONCLUSION

The Court thus finds that the Defendant's Motion for Summary Judgment must be denied. It is clear from the evidence presented thus far that CBS' intent in discharging Ms. Newton is at the heart of this dispute and poses a triable question of fact sufficient to defeat the Defendant's Motion for Summary Judgment. Although the trier of fact may well find that CBS was motivated by rational business calculations and not some form of invidious age discrimination, the Plaintiff has demonstrated that she is entitled to have this issue adjudicated at trial. By presenting genuine questions of material fact with respect to the Plaintiff's qualifications, the relative qualifications of those employees who subsequently assumed her tasks, the actual requirements of the jobs in question, and the motivation of the Defendant in discharging Ms. Newton, the Plaintiff has convinced the Court that summary judgment would be inappropriate and that Ms. Newton has a right to proceed with a trial on the merits during which she will bear the ultimate burden of persuasion in attempting to prove her claim of age discrimination. The Court shall thus

issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

Upon consideration of the Defendant's Motion for Summary Judgment, the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, the Defendant's Reply thereto, the arguments of counsel for the parties at the hearing on November 22, 1993, the applicable law, the entire record herein, and for the reasons articulated in this Court's Memorandum Opinion of even date herewith, it is, by the Court, this 3 day of January, 1994,

ORDERED that the Defendant's Motion for Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the above-captioned matter shall be set for trial as soon as the business of the Court permits so counsel for the parties are urged to pursue trial preparations as expeditiously as possible.