Dorothy **CHADWICK**, Plaintiff,

v.

**DISTRICT OF COLUMBIA**, Defendant.

**Civil Action No. 97–2477(PLF).**

United States District Court,
District of Columbia.

July 13, 1999.

Alan Lescht, Alan Lescht & Associates, PC, Washington, DC, for plaintiff.

James A. DeVita, U.S. Dept. of Justice, Environment & Natural Resources Division, Washington, DC, Georgia Ann Carty, Jeffrey Infelise, Office of Corporation Counsel, DC, Washington, DC, for defendant.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

The Court has before it defendant's motion for judgment as a matter of law, or in the alternative, for a new trial or remittitur, and plaintiff's motion to award back pay and prejudgment interest.

After a three-day trial beginning on February 8, 1999, a twelve person jury unanimously found that plaintiff experienced quid pro quo sexual harassment and hostile work environment sexual harassment by virtue of the conduct of her supervisor at the Oak Hill Youth Center. The jury rejected defendant's affirmative defenses and awarded plaintiff $400,000 in compensatory damages. Defendant now asks this Court to enter a judgment for it as a matter of law, grant a new trial or reduce the jury verdict as excessive. Plaintiff requests that the Court uphold the jury's verdict despite the fact that it exceeds the statutory cap on compensatory damages and award her back pay plus prejudgment interest. The Court will address each of the parties' motions in turn.

## I. DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL OR REMITTITUR

 Entry of a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure is warranted only if "no reasonable juror could reach the verdict rendered in th[e] case." *United States ex*

*rel. Yesudian v. Howard Univ.,* 153 F.3d 731, 735 (D.C.Cir.1998) (quoting *Anderson v. Group Hospitalization, Inc.,* 820 F.2d 465, 473 (D.C.Cir.1987)). "In making that determination, a court may not assess the credibility of witnesses or weigh the evidence." *Hayman v. National Academy of Sciences,* 23 F.3d 535, 537 (D.C.Cir.1994). "Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored." *Boodoo v. Cary,* 21 F.3d 1157, 1161 (D.C.Cir.1994).

■ Plaintiff's testimony at trial established the elements of both quid pro quo sexual harassment and hostile work environment sexual harassment. She also testified about her attempts to complain about her supervisor's harassing behavior, which were ignored, and about the emotional turmoil that resulted from the sexual harassment. The jury heard and evaluated this testimony, as well as the sometimes contradictory testimony of the defense witnesses. The jury concluded by a preponderance of the evidence that plaintiff had been sexually harassed and had taken reasonable steps to use the preventative or corrective programs offered by defendant.

Defendant now asks the Court to set aside the jury's verdict on the basis of many of the same arguments it unsuccessfully presented to the jury. It was the jury's role, however, to weigh the demeanor and credibility of the witnesses and determine defendant's liability. On the basis of the testimony it heard, the jury apparently believed plaintiff and did not credit the testimony of the defense witnesses. Having heard the same testimony, the Court cannot conclude that it was unreasonable for the jury to render a verdict for plaintiff. The Court therefore will deny defendant's motion for judgment as a matter of law under Rule 50.

■ Defendant also argues that the Court should grant a new trial under Rule 59 of the Federal Rules of Civil Procedure. Although the standard for a new trial is "less onerous" than the one applied under Rule 50, a new trial should be granted "only where the court is convinced the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'" *Nyman v. FDIC,* 967 F.Supp. 1562, 1569 (D.D.C. 1997) (quoting *Sedgwick v. Giant Food, Inc.,* 110. F.R.D. 175, 176 (D.D.C.1986)). The Court has no reason to question the judgment and credibility determinations of the jury, nor does it believe that "a clear miscarriage of justice" would occur if this verdict were allowed to stand. The Court therefore also will deny defendant's motion for a new trial.

■ Finally, defendant requests that the Court reduce the jury's award of $400,-000 in damages as excessive. "In assessing whether an award is excessive, the Court should determine if the size of the verdict is beyond reason, if it 'shocks the conscience' of the court, or if it represents a 'miscarriage of justice.'" *Curry v. District of Columbia,* 9 F.Supp.2d 1, 4 (D.D.C. 1998) (quoting *Machesney v. Bruni,* 905 F.Supp. 1122, 1131 (D.D.C.1995)). "[B]ecause the Seventh Amendment right to a jury trial pervades the realm of jury verdict decisions," a court may remit a jury verdict "only if the reduction 'permit[s] recovery of the highest amount the jury tolerably could have awarded.'" *Langevine v. District of Columbia,* 106 F.3d 1018, 1024 (D.C.Cir.1997) (quoting *Carter v. District of Columbia,* 795 F.2d 116, 135 n. 13 (D.C.Cir.1986)). Plaintiff presented evidence of the emotional distress she suffered as a result of the sexual harassment she experienced, her lack of income after her constructive discharge and the consequent loss of her house as a result of her inability to make mortgage payments. The jury's verdict of $400,000 was not excessive in the circumstances. While the Court will reduce the jury's award to $300,000 pursuant to Title VII's statutory cap, *see* 42 U.S.C. § 1981a(b)(3)(D), discussed *infra* at 6, it will not reduce the award any further.

## II. PLAINTIFF'S MOTION FOR AWARD OF BACK PAY AND PREJUDGMENT INTEREST

Under Title VII, an award of compensatory damages against a defendant with more than 500 employees cannot exceed $300,000. *See* 42 U.S.C. § 1981a(b)(3)(B). Despite this provision, plaintiff argues that the Court should not disturb the jury's award of $400,000 because the additional $100,000 represents front pay that is not subject to the statutory cap.

■ Our court of appeals recently held that front pay was an equitable remedy to be considered by the Court and that it therefore should be excluded from the consideration of compensatory damages subject to the $300,000 damages cap. *See Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336, at 1348 (D.C.Cir.1999). At the time the Court instructed the jury in this matter, however, it was unclear whether front pay was a legal remedy subject to the cap or an equitable remedy to be awarded in addition to the cap. With the concurrence of the parties, the Court therefore instructed the jury that front pay was a legal remedy encompassed by the category of "future pecuniary losses"— a category of damages that is explicitly subject to the cap. 42 U.S.C. § 1981a(b)(3). It is too late for plaintiff to take a contrary position now.

In the pretrial proceedings, plaintiff explicitly maintained that front pay was a legal remedy. First, in the "Itemization of Damages" section of the Joint Pretrial Statement filed by the parties on January 25, 1999, plaintiff included "[l]ost pay and front pay" in her proposal of damages to be considered by the jury. *See* Joint Pretrial Statement at 11. The Court adopted this position in its Final Pretrial Order of February 2, 1999. Under our Rules, "no departure from the final Pretrial Order shall be permitted except to prevent manifest injustice." Local Rule 209(a)(3).

Second, when counsel for each party submitted a proposed "Form of Verdict" to be presented to the jury, *plaintiff* included as Number 3 the following language:

> 3. Under the law as given to you in these instructions, state the amount of lost pay, front pay, compensatory damages for emotional distress, mental anguish, inconvenience, pain and suffering, and lost enjoyment of life plaintiff should be awarded from defendant.
>
> AMOUNT FOR COMPENSATORY DAMAGES: $ _____
> AMOUNT FOR LOST PAY: $ _____
> AMOUNT FOR FRONT PAY: $ _____

Plaintiff's Proposed Form of Verdict ¶ 3.

Third, while the Court did not use plaintiff's precise language in its verdict form, it did instruct the jury, in part, as follows:

> The damages that you award must be fair compensation, no more and no less. In calculating damages, you should not consider any back pay (including past overtime wages) that the plaintiff lost. The award of back pay, should you find the District of Columbia liable, will be calculated and determined by the Court, that is by me, the Judge, after your verdict.
>
> However, you may award compensatory damages for future pecuniary losses, including projected future lost wages, as well as emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish that plaintiff has suffered or is likely to suffer if you find these were caused by defendant's allegedly unlawful acts.
>
> An award of future damages necessarily requires that monetary payment be made now for a loss that plaintiff will not actually suffer until some future dates. If you should find that the plaintiff is entitled to future damages, then you must determine the present value or worth, in dollars, of such future damages.

Plaintiff did not object to these instructions, which quite clearly included the direction that the jury should consider front pay or "projected lost wages" and that

only the issue of back pay was reserved for the Court. Because plaintiff did not object to this instruction, and in fact concurred in it, she is precluded from objecting to it now and therefore may not seek an award above the $300,000 statutory cap. *See* Rule 51, Fed.R.Civ.P. ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict ..."). Our court of appeal's recent decision in *Martini* notwithstanding, plaintiff is estopped from asking the Court to decide the front pay issue and is statutorily barred from recovering a jury award above $300,000. The jury's award therefore will be reduced to $300,000.[1]

█ Plaintiff also requests the Court in equity to award her back pay for the period between the date she left her job at the Oak Hill Youth Center and the date of the jury's verdict. Title VII entitles individuals to be "[made] whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *see Hayes v. Shalala*, 933 F.Supp. 21, 24 (D.D.C.1996). The granting of back pay is specifically enumerated as an available means of achieving this goal. *See* 42 U.S.C. § 2000e–5(g)(1). In granting back pay, "a court must, 'as nearly as possible, recreate the conditions and relationships that would have been, had there been no unlawful discrimination.'" *Berger v. Iron Workers Reinforced Rodmen*, 170 F.3d 1111, 1119 (D.C.Cir.1999).

█ Plaintiff was constructively discharged on October 11, 1996. She testified that she planned to work for defendant until her retirement. She also testified that she had diligently tried to find work since the date of her constructive discharge and had earned only $3000 at temporary jobs during the period between her discharge and the verdict. Defendant does not suggest that plaintiff's efforts to mitigate her damages were not genuine. The Court therefore finds that but for her supervisor's discriminatory behavior, plaintiff likely would have been employed by defendant at least until the date of the verdict.

█ The period between plaintiff's constructive discharge and the verdict was two years and 92 days. Her salary at the time of discharge was $29,742 per year. Thus, plaintiff would have earned $66,980.61 over that period. After subtracting the $3000 plaintiff earned in the interim as mitigated damages, the Court concludes that plaintiff should be awarded $63,980.61 in back pay, plus prejudgment interest.[2]

An Order consistent with this Memorandum Opinion and a Final Judgment are entered this same day.

SO ORDERED.

### FINAL JUDGMENT

This cause having been tried by the Court and a Jury, before the Honorable Paul L. Friedman, Judge presiding, and the issues having been duly tried and the Jury having render its verdict, and the Court having granted additional equitable relief pursuant to the Memorandum Opinion and Order entered this same day,

IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered is

---

1. To the extent that plaintiff's arguments can be interpreted as a request for the Court to award plaintiff $100,000 in front pay, the Court will not grant any such relief. Plaintiff was constructively discharged over two years ago and will receive over two years of back pay. *See infra* at 7. The Court does not find that defendant's conduct caused her to be without work for any additional period of time.

2. Unless the parties agree otherwise, prejudgment interest should be awarded at the prime rate for each year between plaintiff's constructive discharge and the entry of judgment. *See Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446, 450 (D.C.Cir.), *cert. denied* 519 U.S. 1028, 117 S.Ct. 582, 136 L.Ed.2d 513 (1996).

entered for defendant DISTRICT OF COLUMBIA on the Retaliation Claim; that judgment is entered for the plaintiff DOROTHY CHADWICK on the Quid Pro Quo Sexual Harassment Claim; that judgment is entered for the plaintiff DOROTHY CHADWICK on the Hostile Work Environment Sexual Harassment Claim; and that plaintiff DOROTHY CHADWICK have and recover of and from the defendant DISTRICT OF COLUMBIA the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000) for compensatory damages and SIXTY–THREE THOUSAND NINE HUNDRED EIGHTY DOLLARS AND SIXTY–ONE CENTS ($63,980.61) in back pay, plus prejudgment interest thereon, together with costs.

SO ORDERED.