Mahendra R. BHATIA, Plaintiff,

v.

AT & T, INC., Defendant.

No. CIV.A. 02–1012(JR).

United States District Court, District of Columbia.

Feb. 27, 2004.

David A. Branch, Law Office of David A. Branch, Washington, DC, for Plaintiff.

Deborah Persis Kelly, Jorge Kotelanski, Dickstein, Shapiro, Morin & Oshinsky LLP, Washington, DC, for Defendant.

### *MEMORANDUM ORDER*

ROBERTSON, District Judge.

Mahendra Bhatia, a 56–year old male of Indian descent, was terminated by AT & T as part of a downsizing plan implemented in September 2001. Plaintiff brought this suit against AT & T, alleging various forms of discrimination and retaliation. AT & T moved for summary judgment. After oral argument on October 21, 2003, I granted summary judgment for defendant on four of the five counts then remaining,

but reserved decision on the final count (disparate treatment in termination). The parties then filed supplemental memoranda dealing with AT & T's alternative legitimate nondiscriminatory reason: poor performance.

After carefully reviewing the parties' briefs and supplemental materials, I have concluded that the motion for summary judgment on the remaining count must be denied. Plaintiff has made out a prima facie case of disparate treatment discrimination, albeit a thin one, and, in response to defendant's proffer of poor performance as justification for his dismissal, plaintiff has pointed to evidence from which a reasonable juror might infer pretext.

### 1. Prima facie case

 Defendant continues to assert that plaintiff has failed to make out a prima facie case under the familiar *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This Circuit has yet to tailor the *McDonnell Douglas* test to fit reduction in force (RIF) cases, but a generic prima facie case of disparate treatment discrimination may be established if the plaintiff (1) is a member of a protected class and (2) suffered an adverse employment action, and if (3) the unfavorable action gives rise to an inference of discrimination. *Brown v. Brody*, 199 F.3d 446, 452 (D.C.Cir.1999).[1]

 The first two elements are not contested in this case. Plaintiff could satisfy the third element with evidence that a similarly situated, non-protected individual was treated differently under AT & T's RIF, *see Coburn v. Pan American World Airways, Inc.*, 711 F.2d 339, 343 (D.C.Cir. 1983), but he has presented no such evidence. Plaintiff relies instead on the fact that he was the only person in his "group" of between twenty and thirty people affected by the September 4, 2001 FMP. AT & T argues that this is not enough to show that AT & T terminated plaintiff "because of his membership in a protected class," citing *Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840, 843 (D.C.Cir. 2001),[2] placing great weight on the "because of" language used in that case. The requisite prima facie proof will vary from case to case, however, and the standard is

**1.** In this Circuit, plaintiff may make out a prima facie case of discriminatory discharge outside the context of a RIF by demonstrating (1) membership in a protected class, (2) adequate performance (3) discharge, and (4) replacement by a person of equal or lesser ability who is not a member of a protected class or, alternatively, that the position remained open after termination. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1512 (D.C.Cir.1995). However, in a RIF case, application of the fourth prong does not seem appropriate. Other Circuits have modified this analysis to better fit the RIF context, with widely varying results. For example, the Eighth Circuit replaces the fourth prong with the requirement that plaintiffs "produce some additional evidence that race was a factor in their termination," *Hughes v. Ortho Pharmaceutical Corp.*, 177 F.3d 701, 705 (8th Cir.1999), while the Second Circuit

looks for, but does not require, proof that a similarly situated, but non-protected, employee was treated differently, focusing instead on "whether the plaintiff's main case supports a reasonable inference of discriminatory motive," *Burger v. N.Y. Inst. of Tech.*, 94 F.3d 830, 833 (2d Cir.1996).

**2.** At oral argument, AT & T also questioned whether the inquiry should be limited to Mike Ryan's "group," but failed to adequately explain the appropriate statistical approach. In any case, detailed evidence about the RIF is more appropriately analyzed at the second stage of the *McDonnell Douglas* analysis, *Cf. Coburn*, 711 F.2d at 343 ("We believe the exigencies of a reduction-in-force can best be analyzed at the stage where the employer puts on evidence of a nondiscriminatory reason for the firing.").

meant to be flexible. *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. 1817. Plaintiff may pass the prima facie threshold by showing some kind of direct or circumstantial evidence of discrimination. *See Montana v. First Fed. Sav. and Loan Ass'n of Rochester,* 869 F.2d 100, 104 (2nd Cir.1989)(acknowledging the flexible nature of the prima facie analysis and applying a test similar to that used in *Brody,* 199 F.3d at 452, requiring dismissal to occur in circumstances giving rise to an inference of discrimination); *see also Elliott v. British Tourist Auth.,* 172 F.Supp.2d 395, 401 (S.D.N.Y.2001)(plaintiff stated a prima facie case by alleging that he was the only member of a protected class and was the sole employee terminated in 1996 due to budget cuts). Here, plaintiff's proof that he was a member of a protected class and that he was the only employee supervised by Mike Ryan to have been discharged under the September 4, 2001 makes out a case of disparate treatment discrimination. It is a very thin case, but "the burden of establishing a prima facie case of disparate treatment is not onerous," *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and plaintiff has presented additional evidence of comments by his supervisors that supports his circumstantial case.

■ Plaintiff swears that his supervisor Sonja Wilder told him that he should consider returning to India to look for work, where he might be better off with his family. Bhatia Depo., 162–63. After plaintiff explained that he has lived in the United States for 30 to 40 years and does not want to return to India, *id.* at 165, Wilder persisted, repeating her remarks several times, *id.* at 163. Mike Ryan, who was Wilder's supervisor, made similar comments to Bhatia around the time he and Bhatia met to discuss Bhatia's per-

formance. *Id.* at 202. According to Sally Tovrea, an executive in AT & T's human resources department, it was Wilder and Ryan who recommended plaintiff's termination, Tovrea Depo., at 144.

These appear (at this stage of the record's development) to have been stray remarks, insufficient to serve as direct evidence of discrimination, and not even as evidence of discriminatory animus without more. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)(O'Conner, J.). Because of the nexus between the remarks and the adverse employment decision, however, the remarks could be taken as evidence of discriminatory intent. *Kalekiristos v. CTF Hotel Management Corp.,* 958 F.Supp. 641, 665 (D.D.C.1997). AT & T's witnesses deny ever having made these statements, but that denial only raises a genuine issue of material fact.

2. *Pretext*

■ Defendant has offered two legitimate non-discriminatory reasons for Bhatia's termination: (1) a company-wide RIF, and (2) poor performance. AT & T does not argue that Bhatia actually was terminated for poor performance. Rather, the company maintains that he could have been, but that AT & T decided to let him go as part of the RIF, which provided a relatively generous severance package. After hearing argument on defendant's summary judgment motion, I found that "AT & T's proffer of the forced management plan [the RIF] as a legitimate nondiscriminatory reason [was] insufficiently detailed to shift the burden to Mr. Bhatia under the *McDonnell Douglas* test." After considering the matter further, however, I believe that AT & T has actually proffered two legitimate nondiscriminatory reasons for plaintiff's dismissal, and both may be offered in evidence at trial.

Plaintiff argues, however—successfully, for purposes of this motion—that AT & T's waffling between the two reasons is evidence of pretext. *See Ferguson v. Small,* 225 F.Supp.2d 31, 40 (D.D.C.2002) (conflicting explanations given for termination are sufficient to "raise a reasonable inference that defendant's proffered reasons for the termination are pretextual"); *see also Abramson v. William Paterson Coll. of N.J.,* 260 F.3d 265, 285 (3d Cir.2001)(where plaintiff "demonstrates that the reasons given for her termination did not remain consistent...throughout the proceedings, this may be viewed as evidence tending to show pretext... [when] considered in light of the entire record"); *Duchon v. Cajon Co.,* 791 F.2d 43, 46 (6th Cir.1986) (summary judgment is precluded where there are contradictions between the employer's stated reason that discharge was for poor performance, and plaintiff's affidavit swearing that she received regular raises, was never warned about performance, and collected unemployment benefits because her employer made representations to government officials that she had been terminated for "lack of work"). In his supplemental memorandum, plaintiff argues that AT & T cannot seem to determine, even for itself, why Mr. Bhatia was terminated." AT & T's own EEO investigator testified that plaintiff was fired "because his work functions were consolidated" and that he "was not let go because of performance."

AT & T's response is that Bhatia was repeatedly warned about his performance problems and that termination for poor performance was warranted, but that AT & T gave defendant a break by terminating him under the RIF. That is an internally consistent response that may well be persuasive to a jury, but it will be for the jury to decide.

\* \* \* \* \* \*

It is accordingly **ORDERED** that defendant's motion for summary judgment [27] is denied as to Count III; and it is

**FURTHER ORDERED** that the Clerk set a status hearing, at which time dates will be set for the final pretrial conference and for trial.